UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AGNES L. BRUNER,

                              Plaintiff,

                              DECISION AND ORDER

-vs-

                              16-CV-6735 CJS

CAROLYN W. COLVIN, *Acting Commissioner of Social Security*,

                              Defendant.

---

## APPEARANCES

For the Plaintiff:                Elizabeth Ann Haungs, Esq.
                                    Kenneth R. Hiller, Esq.
                                    Law Offices of Kenneth Hiller
                                    6000 North Bailey Avenue Suite 1A
                                    Amherst, NY 14226
                                    (716) 564-3288

For the Defendant:             Kathryn L. Smith, Esq.
                                    U.S. Attorney's Office
                                    100 State Street
                                    Rochester, NY 14614
                                    (585) 263-6760

                                    Vernon Norwlld**,** Esq.
                                    Social Security Administration
                                    Office of General Counsel
                                    26 Federal Plaza
                                    Room 3904
                                    New York, NY 10278
                                    (212) 264-9471

## INTRODUCTION

**Siragusa, J**. This Social Security case is before the Court on cross-motions for judgment on the pleadings. For the reasons stated below, the Court grants Plaintiff's motion, denies the Commissioner's motion, and remands the case pursuant to the fourth sentence in 42 U.S.C. § 405(g).

## BACKGROUND

*Procedural Background*

With an assumed onset date of August 20, 2012, Plaintiff filed an application for Disability Insurance Benefits and Supplementary Security Income ("SSI") Benefits on August 22, 2012. The Commissioner denied her claims on February 26, 2013, and Plaintiff requested a hearing, which took place on November 3, 2014, before a Administrative Law Judge ("ALJ") in Rochester, New York. Justin Goldstein, Esq., represented her at the hearing. The ALJ filed a decision on February 27, 2015, finding that Plaintiff was not disabled. The Appeals Council denied her appeal on September 15, 2016. Plaintiff then commenced this action pursuant to 42 U.S.C. § 405(g) and seeks an Order vacating the Commissioner's final decision and remanding the case for further administrative proceedings.

*The ALJ's Decision*

Following the five-step sequential analysis set out in 20 C.F.R. § 416.920(a), the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 20, 2012, and does in fact have the severe impairments of arthritis of the back, neck, and knees, as well as anxiety and depression. R. 30. The ALJ found that she did not meet any of the listings, and retained the residual functional capacity to perform light work, except that she "is limited to simple routine tasks with only occasional interaction with coworkers and the general public." R. 32. The ALJ also determined she was unable to perform any past relevant work, that she was fifty years old, has at least a high school education and can communicate in English, and relying on testimony from a vocational expert, that she could perform jobs in the national economy, specifically collator operator and laundry sorter. R. 37.

*Plaintiff's Motion*

Plaintiff contends that the ALJ erred by not evaluating the opinion of Shazia Janmuhammad, M.D., Plaintiff's treating physician. Moreover, the ALJ failed to give any reason why he ignored the doctor's opinion about Plaintiff's residual functional capacity. Plaintiff notes that the Appeals Council agreed that the ALJ failed to evaluate Dr. Janmuhammad's opinion, but called the failure harmless. R. 2. Plaintiff also argues that the Appeals Council's conclusion is unsupported. In addition, Plaintiff asserts that the ALJ failed to reconcile limitations in the report of the consultative examiner to which he gave significant weight—Kavitha Finnity, Ph.D. R. 303.

The Commissioner asserts that substantial evidence in the record supports the ALJ's decision and the decision of the Appeals Council. She argues that Dr. Janmuhammad's opinion was contained in "a check-the-box/fill-in-the-blanks form provided by Plaintiff's attorney" and was "weak evidence at best." Comm'r Mem. of Law 19, Jul. 5, 2017, ECF No. 12-1.

*Medical Evidence*

Rather than transcribe every treatment provider and his or her opinions, the Court will highlight only a portion of the medical evidence in the Record. The following pertains to Plaintiff's arguments in this case.

On January 10, 2013, Kavitha Finnity, Ph.D., examined Plaintiff at the request of the Social Security Administration. R. 303–06. Dr. Finnity diagnosed the following:

AXIS I:

> Major depressive disorder.
> Posttraumatic stress disorder.
> Panic disorder without agoraphobia.

AXIS II:

    None.

AXIS III:

    High blood pressure.
    Arthritis.

R. 305. She recommended continuing psychiatric/psychological treatment. *Id*. Dr. Finnity also stated that Plaintiff "has difficulty with a regular schedule, due to anxiety." *Id*. Based on Dr. Finnity's opinion, when questioning the vocational expert, the ALJ limited his hypothetical to jobs consisting of simple, routine tasks with only occasional interaction with the general public. R. 35.

    E. Kamin also prepared an RFC Statement dated February 25, 2013. Kamin is described by the Commissioner in her memorandum of law as a "highly qualified expert[] in the field of Social Security disability." Comm'r Mem. of Law 18. The Record's table of contents describes Kamin as "Kamin E. PhD." R. Index 3. The ALJ refers to him as "Dr. Kamin." R. 35. A Disability Determination and Transmittal has this reference: "E. Kamin PHD." R. 91. It would appear that Dr. Kamin is a psychologist. His report concluded the following:

> THE CLAIMANT IS A 50 YR OLD FEMALE WHO HAS NO PSYCH INPATIENT AND OUTPATIENT TX SINCE 10/ 12
>
> SHE HAS A COLLEGE DEGREE AND LAST WORKED AS AN IMPLEMENTATION COORDINATOR FOR PAYCHEX UNTIL 8 / 12 AND HX OF SECRETARIAL WORK
>
> SHE REPORTS SLEEP DISRUPTION, DEPRESSIVE SX, NIGHTMARES AND FLASHBACKS OF TRAUMA, HYPERGILANCE AND FEAR AND PANIC ATTACKS
>
> MSE IS WNL EXCEPT AFFECT IS DEPRESSED, MOOD IS DYSTHYMIC, ATTENTION AND CONCENTRATION IS MILDLY IMPAIRED, MEMORY IS IMPAIRED

> SHE IS CAPABLE OF SELF CARE AND ADLS. SHE DOES NOT SOCIAL-
> IZE WITH FRIENDS BUT HAS GOOD RELATIONSHIP WITH FAMILY
>
> SHE IS CAPABLE OF UNSKILLED TO SEMI SKILLED WORK WITH LIM-
> ITED EXPOSURE TO OTHERS

R. 98–101. Dr. Kamin determined that Plaintiff had memory and understanding limitations: moderately limited in her ability to remember locations and work-like procedures; not significantly limited in ability to understand and remember short and simple instructions; moderately limited in ability to understand and remember detailed instructions. R. 98. Dr. Kamin also determined that she had sustained concentration and persistence limitations in the she: was moderately limited in her ability to carry out detailed instructions; was moderately limited in her ability to work in coordination with or in proximity to others without being distracted by them; and moderately limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. R. 98–99. Dr. Kamin also commented on Plaintiff's social interaction limitations, finding she was: moderated limited in her ability to interact appropriately with the general public; and moderately limited in her ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. R. 99. Finally, Dr. Kamin concluded that Plaintiff was moderately limited in her ability to respond appropriately to changes in the work setting. R. 99.

Shazia Janmuhammad, M.D., was Plaintiff's treating physician and she completed a "Medical statement regarding physical abilities and limitations for Social Security disability claim," R. 489–92 ("RFC Statement"), on November 3, 2014. In her RFC Statement, Dr. Janmuhammad indicated that: Plaintiff would be off task 30% of the workweek; Plaintiff would be precluded from 11% to 20% of an 8-hour workday from completing "a normal

5

workday and workweek without interruptions from psychologically based symptoms," from "perform[ing] at a consistent pace without an unreasonable number and length of rest periods," R. 490, from "deal[ing] with normal work stress," and from "set[ting] realistic goals or mak[ing] plans independently of others," R. 491.

**JURISDICTION AND SCOPE OF REVIEW**

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edision Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938). Section 405(g) limits the Court's scope of review to determining whether the Commissioner's findings were supported by substantial evidence. *See, Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case *de novo*). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim. *Seil v. Colvin*, No. 15-CV-6275-CJS, 2016 U.S. Dist. LEXIS 34681 (W.D.N.Y. Mar. 17, 2016).

The Social Security Administration has designed a five step procedure for evaluating disability claims. 20 C.F.R. § 404.1520. That procedure is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant

6

suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience.... Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

*Berry v. Schweiker,* 675 F.2d 464, 467 (2d Cir.1982) (per curiam).

## DISCUSSION

Plaintiff's first assignment of error concerns the ALJ's determination that she is able to perform work at the light exertional level, with the exception of the following limitations: limited to simple routine tasks with only occasional interaction with coworkers and the general public." She argues that the ALJ rejected Dr. Janmuhammad's opinion without giving any reason for doing so. Pl.'s Mem. of Law 11, May 5, 2017, ECF No. 10-1.

With regard to Dr. Janmuhammad's opinion, the ALJ noted that "during her treatment with Dr. Janmuhammad at Unity, the claimant's complaints of knee pain are minimal throughout the claimant's course of treatment, as Dr. Janmuhammad characterized the claim's knee pain as 'acute' (Exhibit (9F/78)" R. 33. That is all the ALJ wrote about Dr. Janmuhammad's opinion. Plaintiff argues that she is unable to perform work at any level on a sustained basis and that the ALJ's RFC determination is not supported by substantial evidence. Plaintiff argues that Dr. Finnity's opinion that she would have difficulty with a regular schedule, especially when combined with Dr. Janmuhammad's opinion that she

7

would be off task 30% of the workweek, R. 491, shows that Plaintiff could not hold regular employment.

The Appeals Council addressed Dr. Janmuhammad's opinion more thoroughly, writing:

> The Administrative Law Judge did not specifically address the November 3, 2014, minimally annotated, check-box assessment from Shazia Janmuhammad, MD (Exhibit 13F), a physician who treated you through Unity Hospital and Unity Family Medicine; however, at decision page 9, the Administrative Law Judge specifically addressed your treatment record with Dr. Janmuhammad (Exhibits 8F and 9F) and noted that Dr. Janmuhammad treated you [sic] chest pain, arthritis in your knee, and painful joints. The Administrative Law Judge noted that your positive findings were joint pain and swelling and mild degenerative changes in your cervical spine and right knee. The Administrative Law Judge observed that your complaints of knee pain and joint swelling were sporadic but did not change significantly throughout the record. The record that was before the Administrative Law Judge, including *Dr. Janmuhammad's own records do not support Dr. Janmuhammad's assessment at Exhibit 13F*. Dr. Janmuhammad's own characterization of your problem as "chronic pain arthritis mild degenerative changes in spine/knee" and his [sic] characterization of your prognosis as "good" are not consistent with the degree of limitation that Dr. Janmuhammad's assessed in Exhibit 13F. Your activities, including your work activities, are not consistent with the assessment of Dr. Janmuhammad as expressed at Exhibit 13F.

R. 2 (emphasis added). The Commissioner argued in her memorandum that Dr. Janmuhammad's treatment notes provided no support for the conclusions she reached in her RFC Statement and that, with regard to a mental evaluation, Dr. Janmuhammad is a family physician, while Dr. Kamin is a psychologist, and as such, Dr. Kamin's opinion on Plaintiff's mental limitations "is entitled to greater weight" citing 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3).

The Second Circuit has held:

> Under the applicable regulations, the Social Security Administration is required to explain the weight it gives to the opinions of a treating physician. See 20 C.F.R. § 404.1527(d)(2) ("We will always give good reasons in our

8

> notice of determination or decision for the weight we give your treating source's opinion."). Failure to provide "good reasons" for not crediting the opinion of a claimant's treating physician is a ground for remand. *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998).

*Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999). The current form of the regulation quoted above contains the following: "Regardless of its source, we will evaluate every medical opinion we receive.… We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion." 20 CFR § 404.1527(c)(2) (82 F.R. 5844, 5869. Jan. 18, 2017).

The Social Security Administration, speaking through the Appeals Council, has complied with the requirement that it give a good reason for discounting a treating source's opinion. The regulation does not necessarily require that the reason be in the ALJ's decision and to require so would raise form over function. Even the case cited by Plaintiff in her Reply memorandum *Newbury v. Astrue*, 321 Fed. Appx. 16, 17 (2d Cir. Mar. 26, 2009) implies that either the ALJ or the Appeals Council can provide the explanation required by the regulation.

If Dr. Janmuhammad's opinion in her RFC Statement is set aside as unsupported by her treatment notes, that leaves Dr. Finnity's opinion at R. 305 that Plaintiff "has difficulty with a regular schedule, due to anxiety." From this vague statement, the ALJ determined that Plaintiff would be able to maintain a consistent work schedule. The ALJ's fourth hypothetical to the vocational expert was as follows:

> Q. [A]ssume a hypothetical individual of the same age, education and work experience who … is limited to performing simple/routine tasks… [and] the individual would be off task about 20 percent of the work time, either missing work or not attending to tasks while at work.… Could that individual perform any unskilled work in the economy?

A. No, there'd be no work.

R. 85–86. The Court finds that the ALJ's determination that Plaintiff would not be off task 20% of the time is not supported by substantial evidence in the record. Dr. Finnity's statement that Plaintiff "has difficulty with a regular schedule, due to anxiety," R. 305, and Dr. Kamin's statement that she is moderately limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, R. 98–99, provides support for the ALJ's fourth hypothetical and undermines the other three hypotheticals.

## CONCLUSION

The Court denies the Commissioner's motion for judgment on the pleadings, ECF No. 12, and grants Plaintiff's motion, ECF No. 10. This matter is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for a rehearing consistent with the above determination.

DATED:	September 22, 2017
	Rochester, New York

	/s/ Charles J. Siragusa
	CHARLES J. SIRAGUSA
	United States District Judge